IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD COHEN,                           NO.  CIV.S-06-0605 FCD DAD

      Plaintiff,

  v.                                    ORDER

RICHARD D. WILLIAMS TRUST,

      Defendant.
_____/

      In this action plaintiff alleges violations of Title II and III of the Americans with Disabilities Act of 1990.  Before the court is plaintiff's motion for an order authorizing service by publication on Richard D. Williams as trustee of the Richard D. Williams Trust, the named defendant.

      As an initial matter effecting the service of process issue, it appears that the Richard D. Williams Trust is not properly named as a defendant in this action.  "Fed.R.Civ.P. 17(b) directs [the court] to look to [state] law to determine whether the trust had the capacity to be sued."  Colorado Springs Cablevision, Inc. v. W.A.

1  Lively, 579 F.Supp. 252, 253 (D. Colo. 1984).  More specifically,
2  Federal Rule of Civil Procedure[1] 17(b) provides in part:

> **Capacity to Sue or be Sued**.  The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile.  The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized.  In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . .

9       Under California law, the proper party to an action against a trust is the trustee of that trust.  Bernstein v. Equitable Discount Corp., 8 Cal. App. 2d 265, 269 (1935)("The general rule is that the trustee of an express trust is competent to sue and defend in [sic] behalf of the beneficiaries in an action with a third party."); Powers v. Ashton, 45 Cal. App. 3d 783, 787 (1975)("Thus where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because he is the one in whom title to the cause is vested."); Saks v. Damon Raike and Company, 7 Cal. App. 4th 419, 427 (1992)("[T]he trustee is the real party in interest because the trustee has legal title to the cause.")  Thus, the proper party to this action is not the named defendant, the Richard D. Williams Trust, but is instead Richard D. Williams as trustee of the Richard D. Williams Trust.

        Therefore, the court grants plaintiff leave to amend the complaint to reflect that the defendant is Richard D. Williams as

---

[1] All Federal Rules of Civil Procedure will hereafter be referred to as "Rule".

1  trustee of the Richard D. Williams Trust.
2       The court must now address whether the trustee may be
3  served by publication in this case.  Rule 4(e) addresses service of
4  process in part and provides:

> Unless otherwise provided by federal law,
> service upon an individual from whom a
> waiver has not been obtained and filed,
> other than an infant or an incompetent
> person, may be effected in any judicial
> district of the United States:
>
> **(1)** pursuant to the law of the state in
> which the district court is located, or in
> which service is effected, for the service
> of a summons upon the defendant in an
> action brought in the courts of general
> jurisdiction of the State;

12  Fed. R. Civ. P. 4(e).
13       Under Rule 4(e) plaintiff in the present action may serve
14  the trustee in the manner prescribed by California law.  California
15  Code of Civil Procedure § 415.50 addresses service by publication and
16  provides in part:

> (a) A summons may be served by publication
> if upon affidavit it appears to the
> satisfaction of the court in which the
> action is pending that the party to be
> served cannot with reasonable diligence be
> served in another manner specified in this
> article and that either:
>
> (1) A cause of action exists against the
> party upon whom service is to be made or
> he or she is a necessary or proper party
> to the action.
>
> (2) The party to be served has or claims
> an interest in real or personal property
> in this state that is subject to the
> jurisdiction of the court or the relief
> demanded in the action consists wholly or
> in part in excluding the party from any

|   |   |
|---|---|
| 1 | interest in the property. |
| 2 | (b) The court shall order the summons to be published in a named newspaper, |
| 3 | published in this state, that is most likely to give actual notice to the party |
| 4 | to be served.  If the party to be served resides or is located out of this state, |
| 5 | the court may also order the summons to be published in a named newspaper outside |
| 6 | this state that is most likely to give actual notice to that party.  The order |
| 7 | shall direct that a copy of the summons, the complaint, and the order for |
| 8 | publication be forthwith mailed to the party if his or her address is ascertained |
| 9 | before expiration of the time prescribed for publication of the summons.  Except as |
| 10 | otherwise provided by statute, the publication shall be made as provided by |
| 11 | Section 6064 of the Government Code unless the court, in its discretion, orders |
| 12 | publication for a longer period. |
| 13 | (C) Service of a summons in this manner is deemed complete as provided in Section |
| 14 | 6064 of the Government Code. |

Cal. Code Civ. P. § 415.50.

The affidavit submitted by plaintiff's counsel establishes that the trustee lives in another state and further that the attorney who apparently represents the defendant maintains that the trustee will be very difficult to locate.  (Decl. Of Thomas N. Stewart, III in Supp. of Pl.'s Supplemented Application for Order at 3.)  Thus, plaintiff has established that he cannot through the exercise of reasonable diligence serve the trustee by any other means.  Counsel's affidavit also shows that the trust has property in California and that a cause of action exists to which the trustee is a necessary party.  Therefore, service by publication is proper under California law.  Cal. Code Civ. P. § 415.50(a).

Under § 415.50(b), the summons is to be published in a named local newspaper likely to give notice to defendant and, if possible, a newspaper in the area where defendant resides.  In the present case, because the trustee's location is unknown, publishing service in a newspaper where the trustee resides is not possible.  Moreover, because the trustee's location is unknown, it is difficult to determine what local newspaper is most likely to provide the trustee with actual notice.  Plaintiff has suggested that the notice be published in "The Reporter" Vacaville newspaper which has circulation in the area where the trust property is located.  In the absence of any more appropriate location for publication, the court finds that publication in "The Reporter" is sufficient.

Plaintiff has also agreed to send copies of the complaint to both Skip Keyser Reality, manager of the property at issue, and attorney Craig Hassler, who apparently represents the trust but has refused to accept service of the complaint on its behalf.  Further, it appears from the record that the trustee does have actual notice of this action in that attorney Hassler contacted plaintiff's counsel to discuss settlement of the matter.  (Decl. Of Thomas N. Stewart, III in Supp. of Pl.'s Supplemented Application for Order at 3.)

For the reasons discussed above, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint to name as the defendant Richard D. Williams as trustee of the Richard D. Williams Trust within 20 days;

1    2. Plaintiff's application for an order allowing service of the amended complaint by publication is granted;

2    3. Plaintiff shall publish service of process in the Vacaville newspaper called "The Reporter" consistent with the requirements of Cal. Code of Civil Procedure § 415.50 and Cal. Government Code § 6064; and

3    4. Plaintiff is directed to also mail copies of the amended complaint to the following:

| | |
|---|---|
| Craig Hassler | Skip Keyser Reality |
| 810 Davis Street, Suite B | 1434 Third Street, Suite E |
| Vacaville, CA 95687 | Napa, CA 94559 |

DATED: August 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:im
Dad1/orders.civil/cohen0605.grant.pub.wpd