UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD COHEN,

      Plaintiff,

  v.                            NO. CIV. S-06-605 FCD/DAD

                                <u>MEMORANDUM AND ORDER</u>

RICHARD D. WILLIAMS,
as Trustee of the
RICHARD D. WILLIAMS
TRUST,

      Defendant.

----oo0oo----

This matter is before the court on plaintiff Gerald Cohen's ("plaintiff") motion for an award of attorneys' fees and costs against defendant Richard D. Williams, as Trustee of the Richard D. Williams Trust ("defendant"). The motion is brought pursuant to the parties' Federal Rule of Civil Procedure 68 ("Rule 68") offer of compromise and judgment, entered November 21, 2006. Defendant opposes the motion, arguing the number of hours claimed

1

by plaintiff's counsel is unreasonable.[1]

## BACKGROUND

Plaintiff filed suit against defendant seeking accessible parking at a shopping center known as the Mason Street Retail Shopping Center, located in Vacaville, California (the "Center"). Plaintiff is a quadriplegic who requires the use of a wheelchair for ambulation. He alleges that on two occasions he traveled to the Center and found a lack of accessible parking. Plaintiff brought suit pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the California Disabled Persons Act, Cal. Civ. Code § 54 et seq., and the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

On October 24, 2006, defendant made plaintiff an offer of compromise pursuant to Rule 68.[2] Therein, defendant offered to provide six van-accessible parking spaces in the Center's parking

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Rule 68 states, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

2

1  lot and to pay plaintiff $4,000 in damages.  Defendant also
2  agreed to pay plaintiff attorneys' fees and costs "as determined
3  by the court."  (Def.'s Offer of Compromise, filed October 25,
4  2006, at 1.)  Plaintiff accepted the offer, and judgment was
5  entered in favor of plaintiff on November 21, 2006.
6      Subsequently, plaintiff offered to settle the amount of
7  attorneys' fees and costs owed by offering to accept from
8  defendant $5,000.00.  Defendant did not respond to plaintiff's
9  offer.  (Stewart Decl., filed December 5, 2006, at 5.)  Plaintiff
10 thus brings the instant motion, requesting attorneys' fees and
11 costs in the amount of $8,125.00.  (Pl.'s Fees Mot., filed
12 December 5, 2006, at 7.)

**STANDARD**

14     The prevailing party in an ADA action may recover
15 "reasonable attorney's fees, including litigation expenses and
16 costs."  42 U.S.C. § 12205.  Additionally, the Unruh Civil Rights
17 Act provides that any party that discriminates in contravention
18 of state law is liable for "any attorney's fees that may be
19 determined by the court."  Cal. Civ. Code § 52(a).
20     Courts in this circuit have adopted the "lodestar" method
21 for calculating attorneys' fees.  <u>Widrig v. Apfel</u>, 140 F.3d 1207,
22 1209 (9th Cir. 1998).  To determine the appropriate fee amount
23 using the lodestar method, the court multiplies the number of
24 hours reasonably expended in the litigation by a reasonable
25 hourly rate.  <u>Id.</u> (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433
26 (1983)).  There is a strong presumption that the lodestar amount
27 is reasonable, though the court may adjust the lodestar figure if
28 various factors overcome that presumption of reasonableness.

Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

**ANALYSIS**

### A. Reasonable Hourly Rate

The court must determine a reasonable hourly rate by considering "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).

Plaintiff's counsel, Thomas Stewart, seeks an hourly rate of $250.00. Defendant does not object to this rate. Considering Mr. Stewart's twenty-seven years of experience, the last six of which have been devoted exclusively to disabled-access cases, and similar cases decided in this district which have awarded Mr. Stewart fees at $250.00 an hour,[3] the court finds that $250.00 is a reasonable hourly rate in this case. The court thus calculates the lodestar amount based on this hourly rate.

### B. Reasonableness of Hours Billed

In calculating the lodestar amount, the court should exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Plaintiff seeks to recover attorneys' fees of $7,875.00, representing a total of 31.5 hours expended on this litigation. (Pl.'s Fees Mot. at 7.) Plaintiff's counsel's fees fall within three general categories:

---

[3] Hernandez v. Martinez, No. Civ. 04-1747 GEB/EFB (E.D. Cal. Nov. 7, 2006) (awarding fees and costs in the amount of $10,920.00); Johnson v. Rahbarian, No. Civ. 04-699 LKK/PAN (E.D. Cal. May 15, 2006) (awarding fees and costs in the amount of $15,658.00).

4

1  (1) 11.4 hours expended on serving defendant; (2) 14.8 hours
2  expended on other litigation matters, including inspections of
3  the Center; and (3) 5.3 hours expended on this motion.  (Id. at
4  6-7.)
5      Defendant requests the court award plaintiff attorneys' fees
6  of $2,500.00, representing fees for 10 hours of work.  (Opp'n,
7  filed December 22, 2006, at 5.)  Specifically, defendant contends
8  the time spent on service of process issues and conducting
9  inspections of the Center were unnecessary and unreasonable. (Id.
10 at 3-5.)
11      Plaintiff's counsel submits a detailed invoice of the hours
12 worked on this case, as well as a declaration explaining the
13 necessity of the tasks performed.  (Stewart Decl., Ex. 1.)  After
14 careful review of counsel's invoice and declaration, the court
15 finds that all of the hours billed by plaintiff's counsel are
16 reasonable.
17      **1. Service by Publication**
18      Plaintiff's counsel requests fees for 11.4 hours spent on
19 serving defendant, including time spent on an application for an
20 order allowing service by publication.  Defendant objects to
21 these hours, claiming they were incurred due to plaintiff's
22 counsel's error in naming an incorrect defendant.
23      According to plaintiff's counsel, county records indicated
24 that the owner of the Center was the Richard D. Williams Trust.
25 (Reply, filed December 28, 2006, at 4.)  Accordingly, plaintiff
26 named the trust entity as the sole defendant in the original
27 complaint.  The only address listed within the county property
28 records for the trust was that of a property management company,

and counsel mailed the original complaint to this address. (Stewart Decl. at 3-4.)

Shortly thereafter, defendant's counsel contacted plaintiff's counsel and discussed possible changes to the Center's parking lot. (Id. at 4.)  Defendant's counsel did not indicate that the trust entity was improperly named or that he did not represent the trustee.  (Reply at 4-6.)  After more than a month without further communication from defendant, plaintiff's counsel contacted defendant's counsel to discuss service of defendant.  (Stewart Decl. at 4.)  According to plaintiff's counsel, defendant's counsel informed him that the trustee resided in another state, that the trustee would be difficult to locate, and that defendant's counsel refused to accept service on defendant's behalf.  (Id.)

Plaintiff's counsel then filed an application for service by publication.  (Id.)  Magistrate Judge Drozd initially denied plaintiff's application on the ground that the trust was not an entity appropriately served with process by publication.  (Order, filed June 26, 2006.)  Plaintiff's counsel subsequently filed a supplemental application for service by publication on the trustee of the trust.  On August 10, 2006, Magistrate Judge Drozd granted plaintiff leave to amend the complaint to name the trustee, personally, as the sole defendant, and granted plaintiff's application to serve the trustee by publication. (Order, filed August 10, 2006.)  Shortly thereafter, defendant's counsel agreed to accept service on behalf of the defendant trustee.  (Stewart Decl. at 4-5.)

Defendant now claims that plaintiff's counsel's failure to originally name the trustee, personally, as the defendant resulted in unnecessary work, fees for which should not be recoverable on this motion.

Plaintiff's counsel's application to serve defendant by publication, however, appears to have been necessary regardless of any need to amend the named defendant. In granting plaintiff's application for an order allowing service by publication, the magistrate judge found that the trustee could not be served by any other means. (Order, filed August 10, 2006, at 4.) Even if plaintiff's counsel had named the trustee as the defendant in the original complaint, service by publication was the only means available for serving defendant, as defendant's counsel would not (initially) accept service and defendant could not be located. Thus, defendant's argument that service by publication was necessitated only because plaintiff's counsel named the trust entity instead of the trustee is unavailing.

The court finds that plaintiff's counsel was warranted in moving for service by publication and that the 11.4 hours expended on the motion are reasonable. Plaintiff shall be awarded fees for those hours.

**2. Other Litigation Matters**

Plaintiff's counsel seeks fees for 14.8 hours spent on general litigation matters, such as the drafting and filing of the complaint, correspondence with defendant's counsel, and inspections of the Center. Defendant specifically challenges the three inspections plaintiff's counsel made of the Center, arguing that the second and third inspections were unnecessary and

7

excessive.  (Opp'n at 4-5.)

Plaintiff's counsel billed two and a half to three hours for each inspection.  Counsel made the initial inspection immediately after plaintiff first contacted counsel to discuss violations in the Center's parking lot.  More than two months later, just prior to filing plaintiff's complaint, plaintiff's counsel conducted the second inspection to confirm that the alleged violations still existed.  Plaintiff's counsel made the final inspection to confirm whether changes defendant made to the parking lot adequately remedied the violations alleged in the complaint.  (Reply at 2-3.)

The court finds that it was reasonable for plaintiff's counsel to conduct each of these inspections for the purposes stated and that the hours expended on each inspection are also reasonable.[4]  The court finds that the 14.8 hours expended on general litigation matters, including the time spent inspecting the Center, are reasonable, and the court will award attorneys' fees for these hours.

**3. Motion for Fees**

Plaintiff's counsel seeks fees for 5.3 hours expended on preparing this motion.  Time spent preparing a motion for attorneys' fees is generally compensable.  See Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986).  Defendant makes a general objection to the number of hours billed by plaintiff's counsel, stating that plaintiff's motion was "unnecessarily

---

[4] The court notes the travel time from counsel's office to the Center and back is approximately one and a half hours.  Accordingly, counsel's time for the inspections does not appear conflated.

8

verbose." (Opp'n at 2, 5.) The court does not agree. At seven pages, plaintiff's motion is not verbose, and the court notes that, significantly, plaintiff's counsel did not claim fees for the time spent on preparing the reply.

The court finds that 5.3 hours is a reasonable amount of time expended on preparing this motion, and accordingly, it will award attorneys' fees for this work.

### C. Costs

The only cost claimed by plaintiff is the $250.00 filing fee, to which defendant does not object. The court shall award plaintiff this amount in costs.

## CONCLUSION

Accordingly, plaintiff's motion for attorneys' fees and costs is GRANTED. Plaintiff's counsel is awarded fees and costs in the total amount of $8,125.00. Defendant shall pay said amount to plaintiff within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: January 22, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE